IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDUARDO RODRIGUEZ-VELEZ,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 11-2038 (DRD)
(CRIMINAL 05-0140 (DRD))

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.  FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was indicted on May 5, 2005 in a two count indictment, along with seven other defendants.   Petitioner was charged in that from in or about the year 2005, and continuing up to the date of the indictment,  he did knowingly and intentionally conspire, combine, confederate and agree together and with each other and with other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to possess with intent to distribute and distribute narcotic controlled substances, to wit: fifty grams or more of cocaine base ("crack"), a Schedule II Narcotic Drug Controlled Substance, and a detectable amount of marijuana, a Schedule I Narcotic Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  All in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Criminal 05-140 (DRD), Docket No. 2).  Count Two is a forfeiture allegation.

CIVIL 11-2038 (DRD)                    2
(CRIMINAL 05-0140 (DRD))

Petitioner alone proceeded to trial on October 3, 2006. (Criminal 05-140 (DRD), Docket No. 277). Petitioner was found guilty by a jury on October 19, 2006. (Criminal 05-140 (DRD), Docket No. 307). He was sentence on November 14, 2007 to a term of life imprisonment. (Criminal 05-140 (DRD), Docket No. 379). A notice of appeal was filed on the same day.

On March 1, 2010, the United States Court of Appeals for the First Circuit affirmed the conspiracy conviction in a lengthy and comprehensive opinion. (Criminal 05-140 (DRD), Docket No. 435). United States v. Rodriguez-Velez, 597 F.3d 32 (1st Cir. 2010). The appellate court related the litany of defense motions denied by the trial court and noted that the sentence was based, in part, on an information filed by the government pursuant to 21 U.S.C. § 851(a). Petitioner raised five claims of error: sufficiency of the evidence, error in evidentiary rulings, disruption of trial, prosecutorial misconduct, and increased punishment. The court concluded that petitioner "was fairly tried, justly convicted, and appropriately sentenced. Id. at 46. A petition for writ of certiorari was denied on October 4, 2010. Rodriguez-Velez v. United States, 131 S. Ct. 154 (2010).

## II. MOTION UNDER 28 U.S.C. § 2255

This matter comes before the court on petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, filed on January 19, 2011. (Docket No. 1).

CIVIL 11-2038 (DRD)                          3
(CRIMINAL 05-0140 (DRD))

Petitioner argues that his counsel's representation fell below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. 668, 686-87, 104 S. Ct. 2052 (1984). Petitioner states that he is actually innocent and notes that he instructed his attorney to investigate his innocence and he did not. He complains that counsel David W. Roman failed to file a motion to dismiss the indictment based upon a violation of Rule 6, Federal Rules of Criminal Procedure, and that he failed to inspect the list of qualified grand jurors who voted for the indictment. He argues that the indictment was not returned by the requisite 12 jurors. Rule 6 (f), Federal Rules of Criminal Procedure. Therefore, he stresses that all further proceedings are void and that he should be released and exonerated. (Docket No. 1-1 at 7). He also argues that the court has no subject matter jurisdiction. He makes reference to a former federal prosecutor confirming that the Office of the United States Attorney has a rubber stamp with the signature of the grand jury foreman, which is often used on superceding indictments in lieu of actually reconvening a grand jury. (Tr. at 10). He includes statistics of the percentage of No True Bills between 1976 and 1991. (Docket No. 1-1 at 20). He concludes that his right to effective assistance of counsel was violated due to the "multiplicity of errors", calling his counsel ignorant of the facts and the law, and that consequently his performance fell below the objective standard of reasonableness. (Docket No. 1-1 at 22). Petitioner seeks an

CIVIL 11-2038 (DRD)                                       4
(CRIMINAL 05-0140 (DRD))

evidentiary hearing where he can prove the allegations with his own testimony, the testimony of his attorney David W. Roman, additional evidence, and legal argument. Petitioner includes an 8-page affidavit where he attests to much of the above, citing case law and Fed. R. Crim. Proc. 6.

On October 16, 2012, the government filed a response in opposition to the petitioner's motion arguing basically that it should be summarily denied because it is untimely. (Docket No. 6 at 3). The government notes that counsel was not ineffective for failing to seek dismissal of the indictment based on grand jury fraud since there is no proof of the allegation that the grand jury did not properly return an indictment. (Docket No. 6 at 5). It notes that the indictment was returned in open court as required and that there were no irregularities.

Having considered the arguments of the parties and for the reasons set forth below, I recommend that the petitioner's motion to vacate sentence be DENIED.

Petitioner reminds the court that it should review his pleading under the lesser pleading standard of Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972), although within the hodgepodge of cookie-cutting arguments, a quote from the case remains missing. Of course, because petitioner appears pro se, his pleadings are considered more liberally, however inartfully pleaded, than those penned and filed by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197

CIVIL 11-2038 (DRD)                              5
(CRIMINAL 05-0140 (DRD))

(2007); Campuzano v. United States, 976 F. Supp. 2d 89, 97 (D.P.R. 2013); Proverb v. O'Mara, 2009 WL 368617 (D.N.H. Feb. 13, 2009) at *1. Notwithstanding such license, petitioner's pro se status does not excuse him from complying with both procedural and substantive law.  See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); Boudreau v. Englander, 2009 WL 2602361 (D.N.H. Aug. 24, 2009) at *1.  His memorandum is a patchwork conglomerate of varied sources with no real development, or cohesion, including reference to an essay by Sir John Hawles dated 1680. (Docket No. 1-1 at 15).  In any event, I address the issue of limitations before considering the merits of petitioner's argument.

### III. LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act instituted a limitations period of one year from the date on which a prisoner's conviction became final within which to seek federal habeas relief. 28 U.S.C. §2255(f). The current petition was filed over a year from the date petitioner's sentence became final. However, the inquiry does not necessarily stop there.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") instituted a time limitation period for the filing of motions to vacate or reduce criminal federal sentences.  See Torres-Negron v. United States, ___F. Supp. 2d

CIVIL 11-2038 (DRD)                               6
(CRIMINAL 05-0140 (DRD))

\_\_\_, 2014 WL 1056582 (D.P.R., March 18, 2014) at *4.  In its pertinent part, section 2255 reads:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6.

Equitable tolling is a doctrine "that provides that in exceptional circumstances, a statute of limitations 'may be extended for equitable reasons not acknowledged in the statute creating the limitations period.'" Ramos-Martinez v. United States, 638 F.3d 315, 321 (1st Cir. 2011), citing Neverson v. Farquharson, 366 F.3d 32, 40 (1st Cir. 2004)(quoting David v. Hall, 318 F.3d 343, 345-46 (1st Cir. 2003).  It should be invoked "sparingly". Neverson v. Farquharson, 366 F.3d at 42.  Petitioner explains in his reply memorandum of November 13, 2012 that

CIVIL 11-2038 (DRD)                               7
(CRIMINAL 05-0140 (DRD))

there were several circumstances beyond his control which prevented him from filing the petition within the one year time frame.  He notes that he was placed in administrative segregation for several months while incarcerated at United States Penitentiary Pollock and that he did not have access to legal materials that were needed to prepare the petition. (Docket No. 7 at 2).  Also he argues that he lost most of his personal property including all of his legal materials which he needed to prepare the motion.  Therefore exceptional circumstances exist for equitable tolling.  He also notes that he did not have access to a law library during the one-year time frame.  Basically, this concludes his argument for equitable tolling.  Nevertheless, he does not describe any circumstances that fall within any of the exceptions which would equitably toll the limitations period of the statute. See e.g. Ramos-Martinez v. United States, 638 F.3d 315, 321-24 (1st Cir. 2011).  To carry the burden of establishing the basis for equitable tolling, the petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 323, quoting Holland v. Florida, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010), which in turn quotes Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); see  Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002); Trenkler v. United States, 268 F.3d 16, 25 (1st Cir. 2001); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); Perocier-Morales v. United States, 887 F. Supp. 2d 399, 406

CIVIL 11-2038 (DRD)                                8
(CRIMINAL 05-0140 (DRD))

(D.P.R. 2012).  There are no extraordinary circumstances present which support a favorable invocation of petitioner's entitlement to equitable relief.  Furthermore, there is no showing of reasonable or due diligence on the part of the petitioner in seeking relief. See Barreto-Barreto v. United States, 551 F.3d 95, 101 (1st Cir. 2008); Cordle v. Guarino, 428 F.3d 46, 48-49 (1st Cir. 2005); Akins v. United States, 204 F3d. 1086, 1089-90 (11st Cir. 2000).  Petitioner's pleading was placed in the mail on October 7, 2011 and filed with the court on October 19, 2011.  Petitioner was required to file his 2255 motion within a year of finality of sentence, that is October 4, 2011.  On July 8, 2011, petitioner moved the court for an extension of time to file the motion under Section2255 because during his transfer from one federal penitentiary to another, a lot of his personal property, including legal documents and transcripts did not follow him to United States Penitentiary Hazleton. (Crim. No. 05-0140 (DRD), Docket No. 481).  He also complained that he was informed of the denial of the writ of certiorari by his appellate attorney Stephen J. Weymouth nine months after it occurred.  Also included are letters addressed to petitioner which reflect the diligence with which appellate counsel notified petitioner of the status of the case post conviction.  However, petitioner affirms he never received the notifications.  On October 12, 2011, petitioner wrote the court explaining his difficulties in complying with the deadline for filing due to his being in a Special Housing Unit (SHU) and because of

CIVIL 11-2038 (DRD)                                    9
(CRIMINAL 05-0140 (DRD))

the transfer from one prison to another.  (Crim. No. 05-0140 (DRD), Docket No. 483).

Certainly the record reflects the diligence of counsel to have communicated with petitioner during the pendency of the certiorari petition but the argument of petitioner that the period for filing should begin to run from when he learned from appellate counsel that the petition for certiorari had been denied is comfortably convenient and is at loggerheads with the requirements of diligence on the part of petitioner.  See Dunker v. Bissonnette, 154 F. Supp. 2d 95, 108-09 (D. Mass. 2001).  Sitting, waiting, and wondering does not extend the limitations period for a prisoner.  There is no explanation why telephone calls could not be made or legal research could not be conducted to determine the direct history of the appellate decision.  Accepting the reasoning of petition would mean that a convict could simply wait for word from his appellate attorney to seek collateral review.  As it appears, the attorney was diligent in notifying petitioner, but even if he had not been, equitable tolling would not be triggered based upon an attorney's negligence.  See Cordle v. Guarino, 428 F. 2d 46, 48 (1st Cir. 2005).  The doctrine of equitable tolling is not intended as a device to rescue those who inexcusably sleep upon their rights.  Ramos-Martinez v. United States, 638 F.3d at 323.  Petitioner's situation is neither rare nor exceptional.  One is forced to conclude that petitioner's claim is time-barred.  See Trenkler v. United States, 268 F.3d at 24-

CIVIL 11-2038 (DRD) 10
(CRIMINAL 05-0140 (DRD))

27. Nevertheless, in the alternative, I discuss the merits of the case.

## IV. ANALYSIS

Under 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-27 n.3, 82 S. Ct. 468 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). The burden is on the petitioner to show his or her entitlement to relief under section 2255, David v. United States, 134 F.3d at 474, including his or her entitlement to an evidentiary hearing. Cody v. United States, 249 F.3d 47, 54 (1st Cir. 2001) (quoting United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993)). Petitioner has sought an evidentiary hearing. It has been held that an evidentiary hearing is not necessary if the 2255 motion is inadequate on its face or if, even though facially adequate, "is conclusively refuted as to the alleged facts by the files and records of the case." United States v. McGill, 11 F.3d at 226 (quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974)). "In other words, a '§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle

CIVIL 11-2038 (DRD)
(CRIMINAL 05-0140 (DRD))
11

the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" United States v. McGill, 11 F.3d at 226 (quoting Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984)).

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

"In all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defence." U.S. Const. amend. 6. To establish a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient," and that the deficiency prejudiced the petitioner. Strickland v. Washington, 466 U.S. at 687, 104 S. Ct. 2052. "This inquiry involves a two-part test." Rosado v. Allen, 482 F. Supp. 2d 94, 101 (D. Mass. 2007). "First, a defendant must show that, 'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" Id. (quoting Strickland v. Washington, 466 U.S. at 690, 104 S. Ct. 2052.) "This evaluation of counsel's performance 'demands a fairly tolerant approach.'" Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting Scarpa v. DuBois, 38 F.3d 1, 8 (1st Cir. 1994)). "The court must apply the performance standard 'not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented.'" Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting United States v. Natanel, 938 F.2d 302, 309 (1st Cir.

CIVIL 11-2038 (DRD)                              12
(CRIMINAL 05-0140 (DRD))

1991)).  The test includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996) (quoting Strickland v. Washington, 466 U.S. at 689, 104 S. Ct. 2052).  "Second, a defendant must establish that prejudice resulted 'in consequence of counsel's blunders,' which entails 'a showing of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."'" Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting Scarpa v. DuBois, 38 F.3d at 8) (quoting Strickland v. Washington, 466 U.S. at 694, 104 S. Ct. 2052); see Padilla v. Kentucky, 559 U.S. 356, 366, 130 S. Ct. 1473, 1482 (2010) (quoting Strickland v. Washington, 466 U.S. at 688, 104 S. Ct. 2052): Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996); Mattei-Albizu v. United States, 699 F. Supp. 2d 404, 407 (D.P.R. 2010).  However, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Argencourt v. United States, 78 F.3d at 16 (quoting Strickland v. Washington, 466 U.S. at 691, 104 S. Ct. 2052).  Thus, "[c]ounsel's actions are to be judged 'in light of the whole record, including the facts of the case, the trial transcript, the exhibits, and the applicable substantive law.'" Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting Scarpa v. DuBois, 38 F.3d at 15).  The defendant bears the burden of proof for both elements of the test. Cirilo-Muñoz v. United

CIVIL 11-2038 (DRD)  13
(CRIMINAL 05-0140 (DRD))

States, 404 F.3d 527, 530 (1st Cir. 2005), (citing Scarpa v. DuBois, 38 F.3d at 8-9).

In Hill v. Lockhart the Supreme Court applied Strickland's two-part test to ineffective assistance of counsel claims in the guilty plea context. Hill v. Lockhart, 474 U.S. 52, 58, 106 S. Ct. 366 (1985) ("We hold, therefore, that the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel."). As the Hill Court explained, "[i]n the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence already set forth in [other cases]. The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. at 58-59, 106 S. Ct. 366. Accordingly, petitioner would have to show that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59, 106 S. Ct. 366.

Petitioner argues that the entire grand jury process was void and counsel was deficient in failing to question the list of qualified jurors, and the voting of the grand jurors for a true bill.

## B. GRAND JURY IRREGULARITIES

CIVIL 11-2038 (DRD)                                14
(CRIMINAL 05-0140 (DRD))

Petitioner's lengthy, repetitive and almost senseless argument in relation to irregularities in the Fed. R. Crim. P. 6 procedures simply do not meet the heavy burden to rebut the presumption of regularity afforded grand jury proceedings. United States v. Bravo-Fernandez, 756 F. Supp. 184, 195-96 (D.P.R. 2010), citing Costello v. United States, 350 U.S. 359, 363, 76 S. Ct. 406 (1956).  The rubber stamp argument is pure gossamer, since before any indictment is entered in the docket, the grand jury foreperson or deputy foreperson must be present in open court to present the charging document for filing. Fed. R. Crim. P. 6(f).  That defense counsel did not decide to question the grand jury process is hardly a Sixth Amendment violation.  A defendant, in this case petitioner, seeking disclosure of grand jury information under Fed. R. Crim. P. 6(e)(3)(E)(ii) bears a heavy burden of establishing that particularized and factually based grounds exist to support the proposition that irregularities in grand jury proceedings may create a basis for dismissal of an indictment (or as petitioner argues, its nullity).  United States v. Rodriguez-Torres, 570 F. Supp. 2d 237, 242 (D.P.R. 2008), citing United States v. Loc Tien Nguyen, 314 F. Supp. 2d 612, 616 (E. D. Va. 2004). Defense counsel are not required to carry crystal balls to foresee collateral attacks on their performance based on whimsy.  There is no credible evidence of any weight to support petitioner's claim that his attorney's representation fell below an objective


CIVIL 11-2038 (DRD)                                15
(CRIMINAL 05-0140 (DRD))

standard of reasonableness, or for that matter that there was any irregularity in the grand jury process.

Finally, it is a settled rule that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." Nikijuluw v. Gonzales, 427 F.3d 115, 120 n.3 (1st Cir. 2005); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), cited in United States v. Diaz-Castro, ___F.3d___, 2014 WL 2142516 (1st Cir. 2014) at *10, n.10.  As lengthy and repetitive as petitioner's memorandum is, it is nonetheless undeveloped, and certainly does not invite or require the court to conduct an evidentiary hearing. If an evidentiary hearing is warranted in relation to a motion brought under § 2255, the court is required to appoint counsel to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.  However, where a petitioner's claims are contradicted by the record or inadequate to state a claim for relief, the court is not required to conduct a full evidentiary hearing or to appoint counsel. See Moreno-Espada v. United States, 666 F.3d 60, 66 (1st Cir. 2012); Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007); Ellis v. United States, 313 F.3d 636, 641 (1st Cir. 2002); David v. United States, 134 F.3d at 477; Berroa-Santana v. United States, 939 F. Supp. 2d 109, 116 (D.P.R. 2013).  Such is the case here.  Indeed the wholly undeveloped allegation of petitioner's innocence and counsel's failure to investigate the same flies in the face of the

CIVIL 11-2038 (DRD)  16
(CRIMINAL 05-0140 (DRD))

sufficiency of the evidence which the court of appeals considered in affirming the conviction. The record reflects an extreme diligence on the part of defense counsel in terms of his arguments made and the motions filed, before and after trial.

It is clear then that the petitioner was adequately represented by his counsel and that his allegations are meritless.

## V. CONCLUSION

"Under Strickland v. Washington, . . . counsel is not incompetent merely because he may not be perfect. In real life, there is room not only for differences in judgment but even for mistakes, which are almost inevitable in a trial setting, so long as their quality or quantity do not mark out counsel as incompetent." Arroyo v. United States, 195 F.3d 54, 55 (1st Cir. 1999). Petitioner has not satisfied the first prong of Strickland v. Washington, 466 U.S. at 694, 104 S. Ct. 2052. I find that petitioner has failed to establish that his counsel's representation fell below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. at 686-87, 104 S. Ct. 2052; United States v. Downs-Moses, 329 F.3d 253, 265 (1st Cir. 2003). Furthermore, even if petitioner had succeeded in showing deficiencies in his legal representation, which he definitely has not done, he is unable to establish that said deficiencies resulted in a prejudice against him in the criminal proceedings. See Moreno-Espada v. United States, 666 F.3d 60, 65 (1st Cir. 2012), citing Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010); Owens

CIVIL 11-2038 (DRD)  17
(CRIMINAL 05-0140 (DRD))

v. United States, 483 F.3d at 63, (quoting Strickland v. Washington, 466 U.S. at 687-88, 104 S. Ct. 2052). It is impossible to find that any claimed error has produced "'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994) (quoting Hill v. United States, 368 U.S. at 428, 82 S. Ct. 468).

In view of the above, I recommend that petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be DENIED without evidentiary hearing.

Based upon the above, I also recommend that no certificate of appealability be issued in the event that petitioner files a notice of appeal, because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S. Ct. 1029 (2003); Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made

CIVIL 11-2038 (DRD)                             18
(CRIMINAL 05-0140 (DRD))

and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155, 106 S. Ct. 466 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 8th day of July 2014.

S/JUSTO ARENAS
United States Magistrate Judge

CIVIL 11-2038 (DRD)                    19
(CRIMINAL 05-0140 (DRD))