IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDUARDO RODRIGUEZ-VELEZ,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 11-2038 (DRD)

<u>OMNIBUS OPINION AND ORDER</u>

Pending before the Court are: Petitioner Eduardo Rodriguez-Velez's ("Petitioner" or "Rodriguez") *Motion to Vacate, Set Aside, or Correct Sentence* (Docket No. 1) pursuant to 28 U.S.C. § 2255; United States' *Response to Petitioner's Motion Under 28 U.S.C. § 2255* (Docket No. 6); Petitioner's reply to the United States' opposition (Docket No. 7); Magistrate Judge's *Report and Recommendation* (Docket No. 10); and Petitioner's *Objections to Magistrate Report* (Docket No. 11). For the reasons elucidated below, the Court hereby **ADOPTS IN TOTO** the Magistrate Judge's *Report and Recommendation* (Docket No. 10) and **DENIES** Petitioner's *Motion to Vacate, Set Aside, or Correct Sentence* (Docket No. 1).

I. REFERRAL TO THE MAGISTRATE JUDGE

The Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation pursuant to 28

U.S.C. §636(b)(1)(B). *See* FED. R. CIV. P. 72(b); *see also* Local Rule 72(a); <u>Matthews v. Weber</u>, 423 U.S. 261, 96 S.Ct. 549 (1976). An adversely affected party may contest the Magistrate's Report and Recommendation by filing its objections. FED. R. CIV. P. 72(b). Moreover, 28 U.S.C. §636(b)(1), in pertinent part, provides that

> any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

"Absent objection, . . . [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." <u>Templeman v. Chris Craft Corp.</u>, 770 F.2d 245, 247 (1st Cir. 1985), *cert denied*, 474 U.S. 1021 (1985). Additionally, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded upon appeal." <u>Davet v. Maccarone</u>, 973 F.2d 22, 30-31 (1st Cir. 1992); *see* <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-51 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in a magistrate's recommendation, as well as the magistrate's failure

to make additional findings); *see also* <u>Lewry v. Town of Standish</u>, 984 F.2d 25, 27 (1st Cir. 1993)(stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); <u>Borden v. Sec. of H.H.S.</u>, 836 F.2d 4, 6 (1st Cir. 1987)(holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised").

The Court, in order to accept unopposed portions of the Magistrate Judge's *Report and Recommendation*, need only satisfy itself that there is no "plain error" on the face of the record. *See* <u>Douglass v. United Servs. Auto, Ass'n</u>, 79 F.3d 1415, 1419 (5th Cir. 1996)(*en banc*)(extending the deferential "plain error" standard of review to the un-objected to legal conclusions of a magistrate judge); *see also* <u>Nettles v. Wainwright</u>, 677 F.2d 404, 410 (5th Cir. 1982)(en banc)(appeal from district court's acceptance of un-objected to findings of magistrate judge reviewed for "plain error"); *see also* <u>Nogueras-Cartagena v. United States</u>, 172 F.Supp. 2d 296, 305 (D.P.R. 2001)(finding that the "Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding Fᴇᴅ.R.Cɪᴠ.P. 72(b)); *see also* <u>Garcia v. I.N.S.</u>, 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)(finding that "when

no objections are filed, the district court need only review the record for plain error").

In the instant case, Petitioner objected to one portion of the Magistrate Judge's *Report and Recommendation*.  *See* Docket No. 11, at 2-3.  Thus, the Court will conduct a *de novo* review of the objected-to portions of the Magistrate Judge's *Report and Recommendation*, but will review unobjected-to portions for plain error.

After a careful analysis, the Court finds no "plain error" in the unobjected-to *Factual and Procedural Background* section of the Magistrate Judge's *Report and Recommendation*.  Thus, rather than repeating the set of facts that pertain to the instant case in their entirety, the Court hereby **ACCEPTS, ADOPTS AND INCORPORATES** by reference the Magistrate Judge's findings of fact *in toto*, noting particularly that they remain unchallenged.

## II.  ANALYSIS

### *Limitations Period*

The United States argues that Rodriguez's §2255 petition was not filed within the applicable one-year statute of limitations and that Petitioner failed to demonstrate that rare and exceptional circumstances warranted equitable tolling of the limitations period.  *See* Docket No. 6, at 3-5.

Conversely, the Petitioner claims that exceptional circumstances warrant the tolling of the one-year statute of

limitations.   *See* Docket No. 7, at 2-3.   He claims that he did not have access to his legal materials or a law library for a considerable amount of time, as he was housed in Administrative Segregation for several months while at U.S. Penitentiary Pollock.   Thus, Petitioner argues that equitable tolling applies in full force to circumstances of this nature, where a Petitioner has been pursuing his rights diligently but is unable to timely file a motion through no fault of his own.

The Antiterrorism and Effective Death Penalty Act mandates that all federal habeas corpus petitions must be filed within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).   In the instant matter, as Magistrate Judge Arenas correctly noted, Petitioner's habeas corpus petition was filed after the one-year limitations period had elapsed. Nevertheless, the Court must determine whether the limitations period was equitably tolled, as Petitioner avers.

A petitioner arguing in favor of equitable tolling must demonstrate that (1) he was diligently pursing his rights and (2) that he was precluded from timely filing his habeas petition due to some extraordinary circumstance. *See* Ramos-Martinez v. United States, 638 F.3d 315, 323 (1st Cir. 2011)(internal citations and quotations omitted).  In the instant case, the extraordinary circumstance advanced by the Petitioner is that he did not have access to legal materials while being housed in administrative segregation, i.e., solitary confinement, at U.S. Penitentiary Pollock and that his legal papers were lost during his transfer from Pollock to U.S. Penitentiary Hazelton. Further, the Petitioner claims that he filed a *Motion for Extension of Time* (Criminal Case No. 05-140, Docket No. 481) to file his habeas petition.  Petitioner eventually filed his §2255 claim on October 19, 2011, fifteen (15) days after the limitations period had elapsed.

At the outset, the Court notes that Petitioner did not have access to "law books, computers, or legal aid" as a result of his own behavior. See Docket No. 11, at 2.  Therefore, Petitioner's lack of access to his legal materials or law library cannot qualify as an extraordinary circumstance, as he was placed in solitary confinement at U.S. Penitentiary Pollock due to his own behavior. *See* Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001).  Lastly, as the Magistrate Judge

6

noted, Petitioner has failed to show that he exercised reasonable or due diligence in seeking relief.

Accordingly, the Court hereby concludes that Petitioner's claims are time-barred. Nevertheless, the Court, out of an abundance of caution, discusses the merits of Petitioner's case.

*Ineffective Assistance of Counsel*

After conducting an exhaustive review of the record, the Court agrees with Magistrate Judge Arenas' determination that Petitioner's attorney's representation did not fall below an objective standard of reasonableness.[1] Thus, Petitioner fails to satisfy the first prong of the applicable *Strickland* test. Strickland v. Washington, 466 U.S. 668 (1984). The Court briefly elaborates.

Under the Strickland test, Petitioner has the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. Padilla v. Kentucky, 559 U.S. 356, 366 (2010) (quoting Strickland, 466 U.S. at 688)); *see* Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996); *Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir. 1994); López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990) (citing

---

[1] The Court reviewed this portion of the Magistrate Judge's *Report and Recommendation* for plain error, as Petitioner failed to coherently object to the Magistrate Judge's finding at Docket No. 11. In fact, Petitioner merely sets forth new grounds for relief, which the Court will not entertain.

*Strickland*, 466 U.S. at 687).  There is no doubt that *Strickland* also applies to representation outside of the trial setting, which would include plea bargains, sentence and appeal. *See* Missouri v. Frye, 132 S. Ct. 1399, 1408-10, 182 L. Ed. 2d 379 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012); Hill v. Lockhart, 474 U.S. 52, 57 (1985); Bonneau v. United States, 961 F.2d 17, 20-22 (1st Cir. 1992); United States v. Tajeddini, 945 F.2d 458, 468-69 (1st Cir. 1991)(abrogated on other grounds by Roe v. Flores-Ortega, 528 U.S. 470 (2000)); *cf.* Panzardi-Álvarez v. United States, 879 F.2d 975, 982 (1st Cir. 1989); López-Torres v. United States, 876 F.2d 4, 5 (1st Cir. 1989) (abrogated on other grounds by Bonneau v. United States, 961 F.2d 17 (1st Cir. 1992)).

As Magistrate Judge Arenas described in great detail, Petitioner's arguments are incoherent and underdeveloped. In sum, Petitioner seems to argue that his attorney should have filed a motion to dismiss the indictment due to several violations of Fed. R. Crim. P. 6, mainly that the indictment was not returned in open court.  As the Magistrate Judge emphasized, Petitioner's "rubber stamp argument is pure gossamer, since before any indictment is entered in the docket, the grand jury foreperson or deputy foreperson must be present in open court to present the charging document for filing."  Docket 10, at 14 (citing Fed. R. Crim. P. 6(f)).  No credible evidence has been

provided to support Petitioner's contention, and the Court refuses to heed Petitioner's invitation to conduct an evidentiary hearing when the habeas petition is inadequate on its face. *See* United States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993)("In other words, a § 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.")(internal quotations and citations omitted).[2]

Accordingly, the Court concurs with Magistrate Judge Arenas that defense counsel exerted extreme diligence in terms of the arguments and motions filed before and after trial. Hence, Petitioner's *Motion to Vacate* (Docket No. 1) is hereby **DENIED**.

### III. CONCLUSION

For the reasons elucidated in the instant *Opinion and Order*, the Court hereby **ADOPTS** the Magistrate Judge's *Report and Recommendation* (Docket No. 10) **IN TOTO** and **INCORPORATES IT HEREIN BY REFERENCE**. Accordingly, Petitioner's *Motion to Vacate* (Docket No. 1) is hereby **DENIED**.

It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of

---

[2] Accordingly, Petitioner's motions for an evidentiary hearing and to appoint counsel (Docket Nos. 13 and 14) are hereby **DENIED**.

a constitutional or statutory right within the meaning of 28 U.S.C. § 2253(c)(3).[3]

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of March, 2015.

                              s/ Daniel R. Dominguez

                              DANIEL R. DOMINGUEZ
                              U.S. DISTRICT JUDGE

---

[3] As stated in the instant opinion, notwithstanding that the Petitioner's request is time-barred, the Magistrate Judge and the District Judge, out of an abundance of caution, examined the habeas request on the merits and denied said request.